UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE G. HARRIS' WILDLIFE COLLECTION,

    *Plaintiff*,

v().                                                                     Civil Action No.

JOHN HOLLANDER and FAST CASH PAWN,

    *Defendants*.

_____

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

Plaintiff, **GEORGE G. HARRIS' WILDLIFE COLLECTION** (hereinafter "Harris"), by and through its attorneys, John J. Jackson, III, of counsel, complaining of the defendants, **JOHN HOLLANDER and FAST CASH PAWN** (hereinafter collectively "Defendants") allege and set forth the following:

**INTRODUCTION**

1.    This action for willful and non-willful copyright infringement, for violations of the Digital Millennium Copyright Act ("DMCA"), unfair competition, unfair trade practices, direct copying of molds and casts and fraud/misrepresentation, is brought pursuant to Federal statues, namely the Copyright Act of 1976, 17 U.S.C. § 101 <u>et seq</u>. and § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a), under several state statutes, namely § 368-d of the New York General Business Law, §§ 17300 of the California Business and Professions Code, §§ 445,621-445,624 of the Michigan Compiled Laws Annotated, and § 47-15-115 of the Tennessee Code Annotated; and under the Common Law.

2.    Plaintiff asserts these claims as a result of Defendants' use, copying and sale, without permission, of the Plaintiff's original works of authorship embodied in wildlife art pewter pins. Plaintiff seeks the full extent of relief available to him under the aforementioned acts,

8816872.4

statutes and laws, including a preliminary and permanent injunction against Defendants' continued acts, and an Order directing the surrender of all infringing products for destruction, actual damages, including lost profits, statutory damages, the costs of this action including reasonable attorney's fees, and for such other and further relief as to this Court may seem just, proper and equitable.

## PARTIES

3. Plaintiff, George G. Harris, a/k/a George G. Harris' Wildlife Collection, is a New Jersey resident with a mailing address of P.O. Box 748, in Englishtown, New Jersey.

4. Defendant, Fast Cash Pawn is, upon information and belief, a Louisiana corporation with its principal place of business being 3405 Williams Boulevard, Suite 3, Kenner, Louisiana 70065-3878, and doing business throughout the United States, including but not limited to the State of Louisiana.

5. Defendant, John Hollander, upon information and belief, is a resident of the State of Louisiana with a mailing address of 3405 Williams Boulevard, Suite 3, Kenner, Louisiana 70065-3878.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claim set forth in this Complaint pursuant to 28 U.S.C. § 1338, 15 U.S.C. § 1121 and 28 U.S.C. § 1400(a). The Plaintiff has made application, sent deposits and registered with the United States Copyright Office, among others, the works listed in Exhibit "A", a copy of which is annexed hereto, and which were issued Copyright Certificates by the United States Copyright Office.

7. Venue in this action lies within this Court pursuant to 28 U.S.C. § 1391 and 1400 as it is the residence of Defendants, and as the judicial district within which part of the events,

acts or omissions giving rise to the claim occurred, including, but not limited to, acts of infringement, and in which Defendants are subject to personal jurisdiction.

8. This Court has personal jurisdiction over Defendants pursuant to Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure based, *inter alia*, upon the fact that Defendants may be found within this judicial district.

## BACKGROUND

9. Plaintiff is engaged in the sculpting, design, manufacture, marketing and sale of original ornamental jewelry designs, which include his singular and distinctive expression of wearable art from his Sportsmen's Wildlife Collection, namely his copyrighted Works depicting various forms of wildlife and animals, among other things, in pewter ("Works"). Plaintiff's Works were and are at all relevant times hereinafter mentioned, sold in several states throughout the United States including but not limited to the State of Louisiana.

10. Plaintiff's works are developed through the meticulous sculpting, molding and casting in various media, including pewter, which express his individualized sportsman's and animal motifs and wildlife images whereby a mold is created and the end product is a cast which replicates the mold in every detail from which duplicates are reproduced and sold as wearable art.

11. Details of Plaintiff's Works include, but are not limited to, the unique expression, selection and arrangement of the subject matter of the Works onto jewelry pieces.

12. Plaintiff's Works are individual expressions of the wildlife and animals depicted therein, and include the originally designed mold and cast, and convey a unique and independent expression of the Work.

13. Plaintiff is, in whole or in part, the author, owner and/or creator of the various Works hereinbefore mentioned, claims ownership to copyright rights in his various Works, is entitled to all of the exclusive rights that inure to the benefit of a copyright holder pursuant to the

United States Copyright Act ("Act"), including the rights bestowed by section 106 of the Act, and has taken appropriate measures to protect its copyright and place the public on notice thereof.

14. All of Plaintiff's Works were and are sold with statutory copyright notices, and copyright registrations have been obtained for those Works listed in Exhibit "A".

15. Plaintiff's Works are and were, at all times hereinbefore mentioned, marketed, advertised and sold primarily through exhibitions, shows, trade shows, the internet, through distributors and in catalogs, by the Plaintiff, its agents, representatives or assigns.

16. Over the years, up to and including 2015, Plaintiff has marketed, advertised and sold its Works through various means noted above, including exhibition shows, trade shows, and mail orders from catalogs, to locations, including, but not limited to the State of Louisiana.

## COMPLAINT

17. Upon information and belief, Defendants together and/or independently operate a business which markets, advertises and offers for sale, among other things, an exact cast duplicate of Plaintiff's original Works, depicting various forms of animals and wildlife, among other things, throughout the United States, including but not limited to the State of Louisiana.

18. Upon information and belief, since at least 2014, Defendants have been marketing, advertising and selling copies of Plaintiff's Works, and unauthorized derivative works thereof, in violation of Section 106 of the Act, among others, onto jewelry pieces, without permission, falsely designating the origin of same.

19. Upon information and belief, Defendants have marketed, advertised and offered for sale, and have sold illegal copies of the Plaintiff's Works, despite being on notice of Plaintiff's copyrights.

20. Upon information and belief, Defendants are *not* innocent infringers, and cannot avail themselves of the limitation of damages provision of the Act.

## AS AND FOR A FIRST CAUSE OF ACTION
## (NON-WILLFUL COPYRIGHT INFRINGEMENT):

21. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "20" of this Complaint as more fully set forth herein.

22. Plaintiff, who is a citizen of the United States, created, molded and cast original works of art and authorship, which depict various forms of wildlife and animals in pewter, and which are marketed, advertised and offered for sale at shows, on the internet, and through his catalogs, among other ways.

23. The aforementioned pewter Works were originally authored by Plaintiff, their agents or assigns, and consist of copyrightable subject matter under the laws of the United States as is evidenced by the Certificates of Copyright issued for said Works.

24. At all times hereinbefore mentioned, Plaintiff, in whole or in part, has complied with the Copyright Act and all other laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights of said molded and cast Works, and has received from the Registrar of Copyrights, Certificates of Registration for said Works.

25. At various times, but in any event since 2014, said Works have been published by Plaintiff and all copies of them made by Plaintiff or under authority or license, have been published in strict conformity with the provisions of the Act, and all other laws governing copyright.

26. At various times, but in event since at least 2014, Plaintiff has been and still is the owners of all rights, title and interest in and to the copyrights of said Works.

27. Defendants have infringed said copyrights by marketing, advertising and placing upon the market various molded and cast ornamental pieces which were, upon information and belief, copied directly from Plaintiff's copyrighted Works.

28. The design, production, marketing, advertising, display and/or sale by Defendants of copies of Plaintiff's copyrighted Works constitute infringement of the Works, and through their marketing, advertising, and sales activities, have caused harm and injury to Plaintiff, and constitute violations of Plaintiff's exclusive rights as copyright owner, under section 106 of the Copyright Act, among others, and thus constitute copyright infringement.

29. Plaintiff alleges that Defendants' infringements were negligent and/or reckless, and that Defendants profited from their use of Plaintiff's copyrighted Works, without permission.

30. Defendants have directly copied Plaintiff's Works, or in the alternative, had access to Plaintiff's Works, and the copies are not only substantially similar, but are strikingly similar and nearly identical.

31. Plaintiff is therefore entitled to the relief available under the Copyright Act for non-willful copyright infringement, including, but not limited to, actual and/or statutory damages up to $30,000 per violation, the costs of this action, including reasonable attorney's fees, and such other and further relief as to this Court seems just, proper and equitable.

## AS AND FOR A SECOND CAUSE OF ACTION
## (WILLFUL COPYRIGHT INFRINGEMENT):

32. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "31" of this Complaint as more fully set forth herein.

33. Plaintiff alleges that Defendants' infringements were knowing and/or willful, and/or represent a calculated attempt to profit from Plaintiff's copyrighted Works, without permission, in that Defendants have continued to infringe upon Plaintiff's copyrights, despite being on notice of the copyrights.

34. Defendants have directly copied Plaintiff's Works, or in the alternative, had access to Plaintiff's Works, and the copies are not only substantially similar, but are strikingly similar and nearly identical.

8816872.4

37. Plaintiff is therefore entitled to the relief available under the Copyright Act for willful copyright infringement, including, but not limited to, actual and/or statutory damages up to $150,000 per violation, the costs of this action, including reasonable attorney's fees, and such other and further relief as to this Court seems just, proper and equitable.

## AS AND FOR A THIRD CAUSE OF ACTION
## (LANHAM ACT VIOLATION)

38. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "37" as if fully set forth herein.

39. At all times herein mentioned, Defendants were and still are engaged in, among other things, direct competition with Plaintiff in the marketing, advertising, manufacture, distribution, and sale of, among other things, ornamental jewelry depicting various forms of animals and wildlife in pewter.

40. At various times as hereinbefore mentioned, Plaintiff is the owner, and thus has the right to manufacture, distribute and offer for sale, his original sculpted, molded and cast expressions as embodied in the Works.

41. In doing such, Plaintiff's Works have achieved great popularity amongst wildlife and animal enthusiasts, collectors and others through the United States, a large component of whom are concerned with the aesthetic appearance and quality of the jewelry purchased.

42. By reason of the tremendous efforts on the parts of the Plaintiff, in advertising, promoting, and achieving unique and artful expression in their Works, Plaintiff has become recognized amongst both the general population and the population of wildlife and animal enthusiasts and collectors, as a distinctive artist of singular craftsmanship and individual designs.

43. Plaintiff's unique designs constitute non-functional and protectable trade dress pursuant to the Lanham Act.

44. Upon information and belief and at a time and place unknown to Plaintiff, Defendants' caused copies of Plaintiff's works to be marketed, advertised and widely sold, falsely representing them to be original to Defendants, in the State of Louisiana and elsewhere.

45. Defendants' advertising, marketing and sale of the copies, are injurious to Plaintiff and constitute an appropriation by Defendants of Plaintiff's exclusive rights to manufacture, sell, distribute and otherwise exploit its own original Works, a business asset which Plaintiff created and which was greatly enhanced by Plaintiff's investment of considerable creativity and skill, time and money.

46. Defendants' acts constitute unfair competition with Plaintiff, infringement and misappropriation, in that Defendants acts are unauthorized and constitute an unlawful appropriation of Plaintiff's intellectual property rights.

47. Similarly, Defendants' acts constitute unfair competition with Plaintiff, in that the advertising, marketing and sale of the copies by Defendant falsely designates their origin and originality and deprives the Plaintiff of revenues to which he is entitled on the sale of his specially designed cast pieces.

48. Defendants' acts constitute false advertising, false designation of origin, unfair competition, the false attribution of authorship, deceptive practices, infringement, and the misappropriation of the efforts of others, namely Plaintiff.

49. Unless Defendants are enjoined and restrained from manufacturing and selling copies of Plaintiff's noted Works, Plaintiff will be irreparably injured and damaged.

50. Plaintiff has no adequate remedy at law.

51. In the alternative, Plaintiff is entitled to enhanced and treble damages, costs and Attorney's fees, as the acts of Defendants constitute extraordinary circumstances and an exceptional case.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (ACCOUNTING)

52. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. As a consequence of Defendants' infringement, unfair competition and other unlawful acts, Plaintiff is entitled to an accounting from the Defendants for all gains, profits and advantages derived by Defendants from its publication, distribution and sale of the infringing pieces, and upon such an accounting, that Defendants pay over to Plaintiff actual and/or statutory damages and/or all such sums derived by way of profits from the publication, distribution, sale and other disposal of such infringing material.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (UNFAIR COMPETITION)

54. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. Upon information and belief and at various times, but in any event since at least 2014, and thereafter, Defendants have been advertising, distributing, selling and otherwise marketing the infringing cast pieces, and have thereby been engaging in unfair and deceptive trade practices by palming off the infringing Works as original Works, and in many respects, by giving credit to individuals characterized as authors, artists and the like, none of whom, at least to the extent of the infringing Works, created such.

56. By reason of Defendants' unfair competition, Plaintiff has suffered and continues to suffer irreparable damage.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (FRAUD/MISREPRESENTATION)

57. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "56" of this Complaint as fully set forth therein.

58. That Defendants negligently and/or recklessly should have had full knowledge based upon the circumstances that the cast pieces hereinbefore mentioned were solely the property of Plaintiff.

59. That despite such knowledge, Defendants fraudulently advertised and represented that they were the original authors of said Works.

60. That as a result of said misrepresentations, Plaintiff has been irreparably damaged.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (DIRECT MOLDING)

61. Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "60" of this Complaint as fully set forth herein.

62. That Defendants, without permission of Plaintiff, have created exact copies of Plaintiff's Works by directly molding and casting Plaintiff's Works and thereby infringed on Plaintiff's exclusive right to make copies of his own individual Works.

63. That said activity of Defendants is directly proscribed by various state "direct molding" statutes, as previously set forth.

64. That as a result of said activity, Plaintiffs have been irreparably damaged.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (DIGITAL MILLENNIUM COPYRIGHT ACT)

65. 17 U.S.C. § 1202 (c)(1) defines copyright management information ("CMI") to include "the information set forth on a notice of copyright."

66. 17 U.S.C. § 1202 (b)(1) prohibits any person without the authority of the copyright holder from intentionally removing CMI having reasonable grounds to believe that the removal will induce infringement.

67. Defendants knowingly violated this statute when they intentionally removed Plaintiff's copyright notice from the Works.

68. When Defendants intentionally removed Plaintiff's CMI Defendants had reasonable grounds to believe that its removal would induce and enable infringement.

69. Defendants' conduct in knowingly removing Plaintiff's CMI has been willful and intentionally done with full knowledge of Plaintiff's copyright ownership and in conscious disregard of his rights.

70. Defendants' violations of 17 U.S.C. § 1202 (b)(1) have caused, and unless restrained, will continue to cause irreparable harm unless enjoined by this Court.

71. Pursuant to 17 U.S.C. § 1203 (b)(1), Plaintiff is entitled to a permanent injunction barring Defendants from further DMCA violations.

## DEMAND

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) Enjoining Defendants, its agents, representatives and all persons acting under them, during the pendency of this action and thereafter permanently, from non-willful infringements of Plaintiff's copyrights in any manner and from advertising, publishing, licensing, distributing, selling, marketing or otherwise disposing of any copies of said cast pieces containing the infringing original Works of art of Plaintiff, and for actual, statutory damages of up to $30,000 per work/violation, and/or compensatory damages;

(b) Enjoining Defendants, its agents, representatives and all persons acting under them, during the pendency of this action and thereafter permanently, from willful infringements of Plaintiff's copyrights in any manner and from advertising, publishing, licensing, distributing, selling, marketing or otherwise disposing of any copies of said cast pieces containing the infringing original Works of art of Plaintiff, and for actual, statutory damages of up to $150,000 per work/violation, and/or compensatory damages;

(c) Enjoining Defendant, its agents, representatives and all persons acting under them during the pendency of this action and thereafter permanently from unlawfully offering for sale copies of Plaintiff's Works, to deliver up all copies currently in Defendants' possession to be impounded during the pendency of this action, which are all in the possession and under the control of the Defendants and to deliver up for destruction any molds, casts, or other materials used in the making and

publication of such unlawful materials and for actual, statutory and/or compensatory damages;

(d) An accounting of the profits derived by the Defendants from the advertising, publication, license, distribution, display, or other disposal of Defendants' unlawful Works and upon such accounting that Defendants pay to Plaintiff:

1. Damages provided by statute for Defendants' statutory copyright infringement;

2. Damages provided by any other statutes for Defendants' unlawful conduct; and

3. All monies determined to be profits generated or arising from such unlawful materials;

4. An injunction issued preliminarily to a final hearing and permanently thereafter restraining Defendants, its agents, servants, employees and representatives, and all persons acting in privacy or in concert with them from:

   (i) Manufacturing, selling, advertising or distributing any copies of Defendants' unlawful Works;

   (ii) In any manner, shape or form using the molds produced for the manufacture of the unlawful work or any part of it in connection with the manufacture, sale, advertising or distribution of any other of Defendants' Works; or

   (iii) Engaging in any acts or making any representations which have the effect of leading the public to believe that the Works sold, manufactured, distributed or advertised by Defendants are in any manner, shape or form connected or related to Defendants.

5. Defendants recall from the possession of any dealers, wholesalers, jobbers and all others all copies of said Works, and directing that they be delivered to Plaintiff for destruction;

6. Defendants turn over all molds or other masters used in the manufacture of said unlawful Works to Plaintiff for destruction;

7. After final hearing, damages be awarded to Plaintiff against the Defendants in such an amount as found proper and deemed due and owing from Defendants to Plaintiff;

8. After final hearing, Defendants be required to account to Plaintiff for any profits derived by Defendants from the acts complained of by Plaintiff in this Complaint;

8816872.4

        9.       Plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees.

(e)       That pursuant to Section 1203 (c)(2) of the DMCA Defendants pay Plaintiff his actual damages resulting from Defendants' DMCA violation together with the profits it earned not already taken into account, or in the alternative; that pursuant to Section 1203 (c)(3) of the DMCA Defendants pay statutory damages in the sum of not less than $25,000 for its DMCA violation that Defendants willfully committed, together with Plaintiff's attorney's fees pursuant to Section 1203 (b)(5) of the DMCA.

(f)       That Defendants pay general damages to the Plaintiff in an amount to be assessed by Court by reason of Defendants' fraud/misrepresentation, and that Defendants pay to Plaintiff punitive damages, all costs and expenses of this action including reasonable attorneys fees to be assessed by the Court;

(g)       For such other and further relief as to this Court may seem just, proper and equitable.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues in this action.

Dated:  January 23, 2015

                                  s/ John J. Jackson, III
                                  John J. Jackson, III, Esq.
                                  Bar Roll No. 7190
                                  Conservation Force
                                  3240 S I-10 Service Road W.
                                  Suite 200
                                  Metairie, Louisiana 70001
                                  E-mail:  jjj@conservationforce.org
                                  Telephone:  (504) 837-1233

                                  **Attorneys for Plaintiff**